**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4550

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CURTIS MORRIS HARTSFIELD, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louis W. Flanagan, District Judge.  (5:21-cr-00054-FL)

Submitted:  May 25, 2023                                      Decided:  June 14, 2023

Before KING, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Morris Hartsfield, Jr. — who pleaded guilty in May 2021 to three counts of knowingly and intentionally distributing a quantity of cocaine base, in contravention of 21 U.S.C. § 841(a)(1) — appeals from the sentence imposed by the Eastern District of North Carolina in October 2021. More specifically, Hartsfield challenges the district court's chosen 133-month sentence and maintains on appeal that a § 841(a)(1) drug distribution offense is not categorically a "controlled substance offense" for the purpose of a career offender designation under the Sentencing Guidelines. *See* USSG § 4B1.1(a).

Because Hartsfield did not challenge the propriety of his designation as a career offender in the district court proceedings, we review for plain error. *See* Fed. R. Crim. P. 52(b). To establish eligibility for plain error relief, a defendant must initially demonstrate that "(1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *See United States v. Banks*, 29 F.4th 168, 174 (4th Cir. 2022). "[I]f the first three prongs are met, we will only exercise our discretion to correct the error if it satisfies a fourth prong, that it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

In light of our Court's recent decision in *United States v. Groves*, 65 F.4th 166 (4th Cir. 2023), we are satisfied that Hartsfield cannot demonstrate any legal error with respect to his designation as a career offender, much less plain error. As *Groves* recognized, "§ 841(a)(1) does not criminalize the attempt offense of attempted delivery," such that "a § 841(a)(1) distribution offense is not categorically disqualified from being treated as a

2

'controlled substance offense'" under the Guidelines.  *See* 65 F.4th at 174.  Accordingly, the district court did not err by designating Hartsfield as a Guidelines career offender.

Pursuant to the foregoing, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the submissions before the court and argument would not aid the decisional process.

*AFFIRMED*